317 So.2d 901 (1975)
James E. BAKER
v.
STATE of Mississippi.
No. 48607.
Supreme Court of Mississippi.
August 18, 1975.
J.A. White, Durant, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Asst. Atty. Gen., and Pete Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, SMITH and WALKER, JJ.
SMITH, Justice.
James E. Baker was convicted of grand larceny in the Circuit Court of Holmes County and sentenced to serve 5 years in the penitentiary. He has appealed here.
His counsel asserts and vigorously argues that several prejudicial errors were committed in the course of Baker's trial and that the case must be reversed. The record has been carefully examined as to each of the matters assigned and argued and we are forced to conclude that there is no merit in appellant's contentions with respect to them.
The evidence against Baker, although circumstantial in nature, amply supports the jury's verdict of guilty. It is contended that the trial court erred in refusing to grant an instruction requested by appellant as to the degree to which the proof must rise to warrant a conviction upon circumstantial evidence. This instruction was copied verbatim from the case of Algheri v. State, 25 Miss. 584 (1853). The requested instruction informed the jury in substance, that in order to justify conviction on circumstantial evidence, such evidence must have excluded *902 every hypothesis except that of guilt. An objection was interposed to the instruction by the State upon the ground that the correct rule required that the word "hypothesis" be modified by the word "reasonable." The trial court correctly sustained this objection. To justify conviction there must remain no reasonable hypothesis save that of guilt. A mere fanciful or farfetched or unreasonable hypothesis of innocence is not sufficient to require acquittal. The trial court's refusal to grant the instruction in the form presented was not error. Moreover, the principle involved appears correctly stated in Instructions Numbers 1, 2 and 6 of the instructions granted at the request of the State and in Instruction Number 5 granted at the request of the defendant.
No prejudicial error having been committed in the trial of Baker, his conviction and sentence must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, SUGG and BROOM, JJ., concur.